Filed 3/17/26  P. v. Davis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>WILLIS DAVIS,<br><br>        Defendant and Appellant. | C102629<br><br>(Super. Ct. No. STK-CR-FE-1997-0017439, SP061873A) |

After an evidentiary hearing, the trial court denied defendant Willis Davis's petition for resentencing under Penal Code section 1172.6.[1]  On appeal, Davis argues that the court erred in considering his testimony from his 2020 parole suitability hearing.  We disagree and affirm.

## BACKGROUND

In 1997, Davis pleaded guilty to second degree murder pursuant to a negotiated plea agreement.  The trial court sentenced him to 15 years to life in prison.

---

[1]  Undesignated statutory references are to the Penal Code.

1

In 2022, Davis filed a petition for resentencing under what is now section 1172.6. The trial court denied the petition at the prima facie stage, but we reversed and remanded with directions that the court issue an order to show cause and hold an evidentiary hearing. (*People v. Davis* (Jan. 24, 2024, C097495) [nonpub. opn.].)

On remand, the People asked the trial court to take judicial notice of the transcript from the preliminary hearing held before Davis's plea, and they submitted a transcript from Davis's parole suitability hearing before the Board of Parole Hearings in 2020. At that hearing, Davis testified that he brought a rifle to the home of an intended victim, but when he arrived, a woman began wrestling with him over the gun, "and then that's how I accidentally killed her." Davis said that the gun "went off" while the woman wrestled with him. When a commissioner told him that the gun did not go off by itself, Davis stated, "I take responsibility for that. Because I shouldn't, I shouldn't went over there with a gun period." The commissioner then asked, "you had the intent to kill and you did. Right?" Davis responded, "Yeah."

Davis filed a reply brief objecting to the consideration of his testimony from the parole suitability hearing. Citing *People v. Coleman* (1975) 13 Cal.3d 867 (*Coleman*), he argued that an inmate's parole hearing testimony should be protected by use immunity and therefore inadmissible at a later criminal proceeding. He further maintained that, without his parole hearing testimony, the People could not prove beyond a reasonable doubt that he had committed murder as defined under current law.

At the hearing, the trial court explained that it considered non-hearsay testimony from the preliminary hearing as well as Davis's testimony from the parole suitability hearing. Davis himself objected that his testimony at two prior parole suitability hearings contradicted his testimony at the 2020 hearing because he did not admit anything at his first two parole hearings. The court informed Davis that neither party had submitted transcripts from prior parole suitability hearings. Based on the evidence submitted, the

2

court found beyond a reasonable doubt that Davis was the actual killer and had the intent to kill. Accordingly, the court denied his resentencing petition.

## DISCUSSION

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) narrowed the scope of the felony-murder rule and provided that, except in cases of felony murder, a defendant convicted of murder must act with malice aforethought. (*People v. Curiel* (2023) 15 Cal.5th 433, 448-449.) The Legislature adopted the law "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Under section 1172.6, a person convicted of murder under prior law may file a petition seeking resentencing. (*People v. Curiel*, *supra*, 15 Cal.5th at p. 449.) If the petitioner makes a prima facie case that his or her conviction was affected by the substantive changes to the law, the trial court must issue an order to show cause and hold an evidentiary hearing at which the prosecution bears the burden to "prove, beyond a reasonable doubt, that the petitioner is guilty of murder" under current law. (§ 1172.6, subds. (c), (d)(1), (d)(3).) With certain exceptions, admission of evidence at an evidentiary hearing under section 1172.6 is "governed by the Evidence Code." (§ 1172.6, subd. (d)(3).) "The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens." (*Ibid.*) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*)

Invoking *Coleman*, *supra*, 13 Cal.3d 867, Davis contends that the trial court erred in admitting his parole suitability hearing testimony. The Attorney General first argues that Davis forfeited this claim by not objecting below. The record plainly shows

3

otherwise.  As noted above, Davis's reply brief specifically argued that his parole hearing testimony was inadmissible under *Coleman* and its progeny.

Turning to the merits, "[i]n *Coleman*, the California Supreme Court held that a defendant's testimony at a probation revocation proceeding was inadmissible against him at a later trial to prove guilt on the related criminal charges.  (*Coleman*, *supra*, 13 Cal.3d at pp. 889-890.)  The court reasoned that a defendant should not be forced to choose between the privilege against self-incrimination at trial and the right to be heard at a probation revocation hearing.  (*Id.* at p. 878.)  *Coleman* expressed its holding in terms of a judicially created exclusionary rule (*id.* at p. 889)[;] however, later cases have treated *Coleman* as creating a limited species of use immunity grounded in California's constitutional guarantee against self-incrimination.  [Citation.]  Whether considered a judicially devised exclusionary rule or a type of use immunity, the basis for the decisions remains the same two policies that underlie the privilege against self-incrimination:  first, the policy which requires the state to carry its burden of proving guilt without the defendant's compelled personal assistance; and second, the policy against subjecting a defendant to the ' "cruel trilemma of self-accusation, perjury or contempt." ' (*Coleman*, at p. 878; see *id.* at pp. 875-876; [citation].)" (*People v. Zavala* (2024) 105 Cal.App.5th 366, 374.)

Davis acknowledges that Courts of Appeal have consistently refused to extend *Coleman*'s rule to hearings held under section 1172.6; but he urges us to depart from their holdings and to follow the reasoning of the dissenting opinion in *People v. Mitchell* (2022) 81 Cal.App.5th 575, 602-605.  We decline to do so.  As this court and others have explained, *Coleman*'s rationale is inapplicable to section 1172.6 hearings, which are postconviction proceedings based on an act of lenity by the Legislature. (*People v. Zavala*, *supra*, 105 Cal.App.5th at p. 376; *People v. Rodriguez* (2025) 110 Cal.App.5th 458, 466; *People v. Duran* (2022) 84 Cal.App.5th 920, 928-931;

*People v. Mitchell*, *supra*, 81 Cal.App.5th at pp. 588-590; *People v. Anderson* (2022) 78 Cal.App.5th 81, 89-93; *People v. Myles* (2021) 69 Cal.App.5th 688, 704-706.)

Davis argues that admitting this category of evidence is unfair, but such concerns can be addressed on a case-by-case basis. As one court observed, the "trial judge is ideally situated to determine whether the incentives at a specific parole hearing mesh with [the resentencing statute's] goal of aligning punishment with true culpability. When there are valid reasons to doubt the probity of a parole hearing statement, the trial judge can hear and appraise arguments in the case's context and accord the statement due weight. Trial judges are expert at evaluating—word by word—whom and what to believe in individual situations. No reason exists to preempt trial judges' particularized evaluation with our own blanket rule of exclusion." (*People v. Mitchell*, *supra*, 81 Cal.App.5th at p. 590.)

Here, in addition to seeking a blanket rule excluding statements from parole suitability hearings, Davis suggests that his statements in particular are unreliable because, at two prior parole hearings, "he did not admit anything" and parole was denied, thereby creating undue pressure for him to confess at his third appearance before the parole board. Davis relies on his own statement at the section 1172.6 evidentiary hearing to establish the absence of any prior admission, but the record contains no transcripts of the prior parole hearings or any other evidence casting doubt on the probity of his 2020 parole hearing statements. We thus have no basis on which to conclude that the trial court's consideration of parole hearing testimony in this case was improper. Those gaps in the record also mean that, to the extent Davis now contests the trial court's weighing of his 2020 statements, that contention necessarily fails. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2 [appellate courts consider only evidence that was part of the record when the trial court made its decision].)

5

DISPOSITION

The judgment is affirmed.

                                            /s/
                                    FEINBERG, J.

We concur:

      /s/
RENNER, Acting P. J.

      /s/
BOULWARE EURIE, J.